53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James SMITH, JR., Defendant-Appellant.
 No. 94-1980.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1995.
 
 1
 BEFORE: NORRIS and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 James Smith, Jr., brings a direct appeal from a judgment finding him to be in violation of a condition of supervised release. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P.34(a).
 
 
 3
 In 1990, James Smith was found guilty after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g). The court sentenced Smith to a 21 month term of imprisonment followed by a 3 year term of supervised release. Smith served out his sentence of incarceration.
 
 
 4
 In 1994, the district court issued an arrest warrant for Smith for a violation of a condition of supervised release. Smith later pleaded guilty to this charge and was sentenced to an 18 month term of incarceration. This appeal followed.
 
 
 5
 Counsel for Smith filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Smith was served with a copy of this brief and invited to respond.
 
 
 6
 The original 1990 commitment order contained a list of 13 standard conditions of release applicable to Smith. One of the conditions, number 7, directed inter alia that Smith refrain from the use of any narcotic or other controlled substance. In July 1994, Smith's probation officer sought a warrant for Smith's arrest based on the positive result of a urine test for the presence of morphine, indicating heroin use by Smith. Smith subsequently entered a guilty plea to the revocation charge and was sentenced to a new 18 month term of imprisonment.
 
 
 7
 In his Anders brief, Smith's attorney offers his belief that, although the plea taking appears to be valid, Smith may be "unhappy" with the sentence he received.
 
 
 8
 A district court is authorized to revoke a term of supervised release if it finds by a preponderance of the evidence that the individual violated the terms of supervision. 18 U.S.C. Sec. 3583(e)(3). This court reviews the district court's decision for an abuse of discretion. United States v. Stephenson, 928 F.2d 728, 731-32 (6th Cir. 1991). A reviewing court will not disturb a decision for an abuse of discretion unless it is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir. 1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 9
 The record reflects that the district court did not commit an abuse of discretion in the present case. The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed. R. Crim. P. 11(c) insofar as it is applicable to revocation hearings and the recitation of the factual basis for the plea. The factual basis for the plea is, in fact, Smith's admission that he used heroin and that he was aware this usage was a violation of a condition of release. In general, a solemn declaration of guilt carries a presumption of truthfulness, and the subsequent presentation of unsupported or wholly incredible allegations to the contrary is subject to summary dismissal. Blackledge v. Allison, 431 U.S. 63, 74 (1977). The new sentence imposed, 18 months, is well within the available statutory limits. See 18 U.S.C. Sec. 3583(e)(3) (2 year cap applicable to Smith's underlying Class C felony). The appeal lacks merit.
 
 
 10
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation